**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**July 2, 2026**

# In the Court of Appeals of Georgia

A26A0215. NEAL v. THE STATE.

WATKINS, Judge.

Robert Lee Neal, Sr., fatally shot Dennis Kitchens when Neal pointed and fired what he purportedly believed to be a non-functioning pellet gun at Kitchens. What Neal fired at Kitchens was actually a loaded firearm that had been placed by someone else in the same drawer as the pellet gun. Neal was indicted for numerous crimes, and a jury found him guilty of involuntary manslaughter,[1] aggravated assault,[2] and possession of a firearm during the commission of a felony.[3] Following the denial of his motion for acquittal, Neal appeals his convictions. For the reasons set forth below, we

---

[1] OCGA § 16-5-3(a).

[2] OCGA § 16-5-21(a)(2).

[3] OCGA § 16-11-106(b)(1).

affirm Neal's convictions, but we remand the case to the trial court for correction of a scrivener's error regarding Counts 5 and 6 of the written sentencing order.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor determine witness credibility, which are tasks that fall within the exclusive province of the jury, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[4]

So viewed, the evidence shows that on May 27, 2021, Neal had several friends at his house, including Austin Parker and Kitchens. Neal had a non-functioning pellet gun, which he "always played with," even pointing it at his friends. On that day, Parker had brought a firearm to Neal's house and (as Parker had done on prior occasions) placed it in the same drawer where Neal kept the pellet gun. Neal reached in the drawer, grabbed what he claims he thought was the pellet gun, "put it to [Kitchens's] stomach[,]" and pulled the trigger. Tragically, Neal had grabbed Austin's loaded firearm instead; the gunshot wound ultimately proved fatal.

---

[4] *Whitfield v. State*, 370 Ga. App. 720, 720–21 (899 SE2d 259) (2024) (citation and punctuation omitted).

Neal was indicted on 13 counts, including multiple charges of felony murder and aggravated assault. A jury found Neal not guilty on several of the counts, and the trial court merged several others, ultimately sentencing Neal on the three counts that remained: aggravated assault, involuntary manslaughter as a lesser included charge of felony murder, and possession of a firearm during the commission of a felony. This appeal followed.

1. Neal argues that the jury verdict — specifically, finding him guilty of involuntary manslaughter as a lesser included offense of felony murder, but guilty of the underlying aggravated assault — is repugnant and must be reversed. We disagree.

"As a general rule, inconsistent verdicts occur when a jury in a criminal case renders seemingly incompatible verdicts of *guilty* on one charge and *not guilty* on another."[5] Although once viewed as impermissible, inconsistent verdicts are now allowed to stand because "it is not generally within the court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any

---

[5] *Rutland v. State*, 315 Ga. 521, 522(1) (883 SE2d 730) (2023) (citation and punctuation omitted).

inconsistency between guilty and not guilty verdicts."[6] "Such verdicts are deemed constitutionally tolerable because they may reflect an exercise of lenity by the jury that is not necessarily grounded in its view of the evidence."[7]

Repugnant verdicts, on the other hand, require reversal.[8] "'Repugnant verdicts' occur when, in order to find the defendant not guilty on one count and guilty on another, the jury must make affirmative findings shown on the record that cannot logically or legally exist at the same time."[9] In such a situation, "instead of being left to speculate about the unknown motivations of the jury regarding its return of contradictory verdicts, the appellate record makes transparent the jury's reasoning why it found the defendant not guilty of one of the charges[.]"[10]

---

[6] Id. (citation and punctuation omitted). See also *Guajardo v. State*, 290 Ga. 172, 174(2) (718 SE2d 292) (2011) ("rare" instance where reversal is necessitated under this "narrow" exception).

[7] *State v. Springer*, 297 Ga. 376, 377(1) (774 SE2d 106) (2015). "An example of 'inconsistent verdicts' is when a defendant is convicted of possession of a firearm during the commission of the crime of aggravated assault, but found not guilty of aggravated assault." *Rutland*, 315 Ga. at 522(1).

[8] See *Rutland*, 315 Ga. at 522(1).

[9] Id. (citation and punctuation omitted).

[10] *McElrath v. State*, 308 Ga. 104, 111(2)(c) (839 SE2d 573) (2020) (citation and punctuation omitted). "An example of 'repugnant verdicts' is when a defendant is

Here, Neal was indicted in Count 2 with felony murder on the basis that "while in the commission of the offense of aggravated assault, a felony, as alleged in Count 7 of this Indictment, [Neal] did unlawfully cause the death of Dennis Wayne Kitchens, a human being, by shooting him with a certain firearm[.]" Count 7 charged that Neal "did unlawfully make an assault upon the person of Dennis Wayne Kitchens, with a deadly weapon, to wit: a certain firearm by shooting him[.]"

On appeal, Neal argues that the jury could not have found him not guilty of felony murder for causing Kitchens's death during the commission of aggravated assault[11] while also finding him guilty of aggravated assault.

The trial court instructed the jury that, as a lesser included offense of Count 2, it could find Neal guilty of involuntary manslaughter for causing Kitchens's death without intending to by pointing a gun at him or by committing a reckless act (both

---

found guilty but mentally ill of felony murder and aggravated assault and not guilty of malice murder by reason of insanity." *Rutland*, 315 Ga. at 522(1). In this example, "it is not legally possible for an individual to simultaneously be insane and not insane during a single criminal episode against a single victim, even if the episode gives rise to more than one crime." *McElrath*, 308 Ga. at 112(2)(c).

[11] See generally *Cantrell v. State*, 266 Ga. 700, 701 (469 SE2d 660) (1996) ("[W]hen an indictment charges an offense, and the jury returns a verdict of guilty on a lesser included offense, the verdict operates as an acquittal of the greater offense.").

misdemeanors)[12] or during the commission of a lawful act in an unlawful manner. The jury found Neal not guilty of felony murder but guilty of "Involuntary Manslaughter (Unlawful Act)."

To find Neal guilty of aggravated assault, as charged in Count 7, the jury had to find that he intentionally attempted to commit a violent injury. And to find him guilty of "Involuntary Manslaughter (Unlawful Act)" the jury had to find that, while in the commission of an unlawful act other than a felony, Neal caused Kitchens's death without intending to do so.[13] The record does not show that the jury made affirmative findings that cannot logically or legally exist at the same time, so the verdicts are not repugnant.[14] Accordingly, this claim of error fails.[15]

---

[12] See OCGA §§ 16-11-102; 16-5-60(b)(2).

[13] See OCGA § 16-5-3(a).

[14] See *Ward v. State*, 318 Ga. 884, 895–96(2) (901 SE2d 189) (2024). See also *Springer*, 297 Ga. at 381–82(1) ("One cannot and should not be allowed to defend against a lesser included charge by proving that he is more culpable. Accordingly, … multiple guilty verdicts for the same conduct that are based on varying levels of mens rea are not mutually exclusive.").

[15] A third category of verdicts — mutually exclusive verdicts — does not apply here because that category involves "*two guilty* verdicts that cannot legally exist simultaneously." *State v. Owens*, 312 Ga. 212, 217(1)(b) n.3 (862 SE2d 125) (2021) (citation and punctuation omitted).

2. Neal alternatively argues that the trial court erred in sentencing him for both involuntary manslaughter and aggravated assault because the convictions should have merged "as they are based on the same conduct." We disagree.

"Whether offenses merge is a legal question, which we review de novo."[16]

Two statutory provisions govern merger in Georgia. Under OCGA § 16-1-7(a), an accused "may not ... be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

And, pursuant to OCGA § 16-1-6, a crime is included in the other when:

(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged [(the "required evidence test")]; or

(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

---

[16] *Metcalf v. State*, 349 Ga. App. 408, 414(2)(a) (825 SE2d 909) (2019) (citation and punctuation omitted).

Thus, "[w]here each offense requires an element of proof beyond the degree of injury or culpability that the other does not, neither of the offenses is included in the other, and the crimes do not merge under OCGA §§ 16-1-7(a)(1) and 16-1-6."[17]

As discussed in Division 1, Count 2 charged Neal with felony murder by causing Kitchens's death while in the commission of the felony offense of aggravated assault. The jury was instructed that it could find Neal guilty of the lesser included offense of involuntary manslaughter for causing Kitchens's death without intending to by pointing a gun or pistol at him or by committing a reckless act (both misdemeanors) or during the commission of a lawful act in an unlawful manner.[18] By finding Neal guilty of "Involuntary Manslaughter (Unlawful Act)," the jury found him guilty of involuntary manslaughter by causing the death of another human being without any intention to do so during the commission of an unlawful act *other than a felony*.

The jury also found Neal guilty of aggravated assault, which has two elements: (1) the commission of a simple assault under OCGA § 16-5-20 and

---

[17] *Metcalf*, 349 Ga. App. at 415(2)(a) (citation and punctuation omitted).

[18] OCGA § 16-5-3(a).

8

(2) the presence of a statutory aggravator. The simple assault encompassed within aggravated assault may be committed in two ways: when a person attempts to commit a violent injury to the person of another, or when a person commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[19]

Neal's conviction was predicated on attempting to commit a violent injury, which "requires the presence of criminal intent. There must be an intent to cause harm, which refers to the requisite mens rea of intent and also to a defendant's deliberate purpose to accomplish an injurious result."[20] As to the second element of aggravated assault (the presence of a statutory aggravator), Neal's conviction was based on shooting Kitchens with a deadly weapon.[21]

Here, Neal's convictions do not merge even though they are predicated on the same action (shooting Kitchens with a gun) because each crime requires an element

---

[19] *Schmitt v. State*, 318 Ga. 835, 847(2) (901 SE2d 102) (2024) (citations and punctuation omitted). See OCGA §§ 16-5-20(a); 16-5-21(a).

[20] *Schmitt*, 318 Ga. at 848(2)(a) (citations and punctuation omitted).

[21] See OCGA § 16-5-21(a)(2) ("A person commits the offense of aggravated assault when he or she assaults [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]").

of proof beyond the degree of injury or culpability that the other does not. Specifically, on the involuntary manslaughter verdict, the State had to prove that Neal committed a misdemeanor (either by pointing a gun at Kitchens or by committing a reckless act).[22] For aggravated assault, the State had to show that Neal intentionally attempted to commit a violent injury against Kitchens by shooting him with a gun.[23] Accordingly, neither crime is included in the other, and the convictions do not merge.[24]

3. Although not raised as a claim of error, it is apparent that the final disposition form fails to conform with both the jury's verdict and the trial court's pronouncement at the sentencing hearing. Specifically, the jury found Neal not guilty on Count 5 (felony murder) and Count 6 (felony murder). The trial court recognized these not-guilty verdicts at sentencing when it noted that Neal "was acquitted" on Counts 5 and 6. The written sentencing order, however, states that the "disposition" of these counts is "vacated," rather than "not guilty verdict." Accordingly, we remand this

---

[22] See OCGA § 16-5-3(a).

[23] See OCGA §§ 16-5-20(a)(1); 16-5-21(a)(2).

[24] See *Metcalf*, 349 Ga. App. at 415(2)(a).

case for the trial court to correct the scrivener's errors in Neal's written sentence on Counts 5 and 6.[25]

*Judgment affirmed and case remanded with direction. McFadden, P. J., and Padgett, J., concur.*

---

[25] See *Russell v. State*, 309 Ga. 772, 785(4)(b) (848 SE2d 404) (2020); *Jones v. State*, 318 Ga. App. 342, 350(4) (733 SE2d 400) (2012).